IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 21, 2014 Session

## LISA HOWE, ET AL. V. BILL HASLAM

**Appeal from the Chancery Court for Davidson County**
**No. 11778II    Carol L. McCoy, Judge**

---

**No. M2013-01790-COA-R3-CV - Filed November 4, 2014**

---

J. STEVEN STAFFORD, J., concurring.

In concur in the majority's decision to affirm the trial court's dismissal of the claims arising from HB600's reordering of the political process. I also join Judge McBrayer in his determination that the claim of the Gay Straight Alliance of Hume Fogg Academic Magnet High School survives dismissal on standing grounds, as the State's Answer to the original Complaint is insufficient to determine the applicability of HB600.

I write separately, however, to express my agreement with both Judge Farmer's and Judge McBrayer's interpretations of the United States Supreme Court case of *Romer v. Evans*, 517 U.S. 620 (1996). Regardless of the fact that Judge Farmer and Judge McBrayer take different paths to reach this result, both judges agree that *Romer* is not analogous to the situation presented by HB600, and therefore, cannot be used to support a finding of standing for the plaintiffs in this case. Here, Judge Farmer concludes that the *Romer* plaintiffs had standing due to the structural barriers imposed by Amendment 2. In contrast, Judge McBrayer concludes that the *Romer* plaintiffs had standing because Amendment 2 "singles out one form of discrimination," and therefore, creates a particularized injury for the plaintiffs at issue.  Both Judge Farmer and Judge McBrayer have authored thorough, well-reasoned Opinions regarding the standing of the plaintiffs in *Romer*, an issue not examined in the Supreme Court's Opinion. Accordingly, both Judge's Opinions seek to illuminate an issue for which the Supreme Court has offered no guidance. It is an unenviable task to attempt to draw meaning from a decision that does not expressly offer it.  Based upon my reading of *Romer*, I find both interpretations have equal plausibility and their differences have no practical effect on the outcome of the case-at-bar. Therefore, I cannot disagree with either interpretation.

_____

J. STEVEN STAFFORD, JUDGE